ZAPATA CORPORATION and Arethusa Off-Shore Co., Appellants,

v.

ZAPATA GULF MARINE CORPORATION, Appellee.

No. 01–96–01018–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Feb. 11, 1999.

William R. Burke, Jr., Houston, for appellant.

Charles E. Frost, Jr., Houston, for appellee.

Panel consists of Chief Justice SCHNEIDER and Justices O'CONNOR and ANDELL.

## OPINION

ANDELL, J.

The appellants, Zapata Corporation and Arethusa, appeal rendition of summary judgment for the appellee, Zapata Gulf Marine Corporation (ZGMC). We affirm.

### Facts

The appellants and ZGMC jointly acquired an aggregate insurance policy that covered the interests of the companies up to total losses of $16.5 million, after a total retention of $500,000. The three companies agreed on a formula for sharing the premium costs and the deductible—ZGMC bore 61 percent, Zapata Corporation, 28.4875 percent, and Arethusa, 10.5125 percent. These percentages were based on the companies' historical loss sharing experiences. The parties did not agree how proceeds would be shared should the total amount of coverage prove insufficient to cover losses. About two years later, the aggregate insurance policy coverage was exhausted and ZGMC had recovered 68 percent of the policy proceeds.

The appellants sued ZGMC for breach of contract, unjust enrichment, special relationship, and breach of an implied covenant of good faith and fair dealing, arguing that the proceeds should be distributed on a pro rata basis. The appellants also moved for summary judgment.

In response, ZGMC filed a motion for summary judgment and declaratory judgment, asserting the statute of frauds barred recovery, and asserting that proceeds should have been assigned on a first-come, first-served basis, as reflected in the policy.

In point of error one, the appellants complain the court erred by denying their motion for summary judgment. In point of error two, the appellants complain that the court erred by granting ZGMC's motion for summary judgment. In point of error three, the appellants argue a fact issue remains on the claim for unjust enrichment. In point of error four, the appellants assert that a later merger agreement does not estop the appellants from asking us to imply a covenant to share proceeds pro rata.

## Standard of Review

■ When both parties move for summary judgment, the non-prevailing party may appeal the prevailing party's motion as well as its own. *Jones v. Strauss,* 745 S.W.2d 898, 900 (Tex.1988). Each party must carry its own burden as the movant and, in response to the other party's motion, as the non-movant. *James v. Hitchcock ISD,* 742 S.W.2d 701, 703 (Tex.App.—Houston [1st Dist.] 1987, writ denied). As we review each of the motions for summary judgment, we indulge all reasonable inferences and resolve all doubts in favor of the non-movant. *University of Tex. Health Science Ctr. v. Big Train Carpet, Inc.,* 739 S.W.2d 792, 792 (Tex. 1987). We consider all grounds for summary judgment the movant presented to the trial court when properly preserved for appeal. *Cincinnati Life Ins. Co. v. Cates,* 927 S.W.2d 623, 626 (Tex.1996).

## Implied Covenant

■ In points of error one and two, the appellants complain the trial court erred by denying the appellants' motion for summary judgment when it declined to imply a covenant in the parties' agreement.

The aggregate insurance policy was a contract between the parties and the insurer. The parties agree there is no written agreement regarding how to allocate the insurance costs or proceeds. The appellants argue the agreement regarding payment of the premiums and deductible constitutes an oral contract and contend the pro rata sharing of benefits should be implied as a reasonable term not contemplated when the agreement was formulated.

In support of their motion for summary judgment, the appellants offered affidavits and deposition testimony from Zapata and ZGMC executives who had negotiated the agreement to purchase insurance. In his affidavit, Thomas B. Dawson, ZGMC's Vice President of Finance and Accounting, said no agreement was made regarding benefits allocation. However, he said, "I believe that if we had addressed that situation in [advance], the only conclusion that either of us would have agreed upon would be to allocate the coverage in the same ratio that the costs were shared." The appellants also offered deposition excerpts from Kent R. Stephenson, Zapata Corporation's General Counsel and Senior Vice President with responsibility for insurance matters, and Thomas H. Bowersox, a Zapata Corporation executive. Both admitted no agreement had been reached regarding allocation of benefits, but said that, had they contemplated a shortfall in coverage, they would have agreed on pro rata distribution.

ZGMC argues the agreement was created to maximize benefits to the insureds and avoid under-utilization of benefits that might occur without the joint policy. In support, ZGMC offered the deposition testimony of individuals who participated in policy negotiations, each of whom asserted that neither party suggested that the proceeds be divided pro rata or disclosed such an intention. ZGMC argues the appellants are merely trying to undo a bargain that looked promising in the beginning but did not turn out the way the appellants would have liked.

The terms of the aggregate insurance policy permitted the insurer to pay claims for the insurance proceeds in the order presented, on a first-presented, first-paid basis. All parties agreed to the policy's terms. At no time while the parties were negotiating and purchasing the aggregate policy did they ever discuss or agree to a pro rata allocation of proceeds. In fact, the possibility of pro rata allocation was not discussed until at least a year after the parties acquired the policy.

■ Courts cannot make new contracts between parties or revise a contract while

**788**

professing to construe it, so as to impose additional duties on one party. *Royal Indem. Co. v. Marshall*, 388 S.W.2d 176, 181 (Tex.1965); *Piper, Stiles & Ladd v. Fidelity and Deposit Co.*, 435 S.W.2d 934, 939 (Tex. Civ.App.—Houston 1968, writ ref'd n.r.e.). The parties acknowledge the oral contract is silent concerning any agreement to share the proceeds pro rata. Appellants argue implying an agreement to share pro rata in the proceeds is the only reasonable interpretation. Evidently, the trial court assumed instead that the parties intended for the express first-presented, first-paid provision in the aggregate insurance policy to control. We see no error in this. If the appellants had intended to allocate the proceeds on a pro rata basis, they should have expressly incorporated the term into the contract.

We overrule points of error one and two.

### Unjust Enrichment

In point of error three, the appellants complain the trial court erred in denying the appellants' summary judgment because a fact issue remained regarding unjust enrichment. The appellants contend ZGMC was unjustly enriched when it retained a larger percentage of the proceeds than was paid out to Zapata Corporation or Arethusa under the policy. Ron C. Baron, the primary insurance executive present during negotiations, testified that ZGMC paid 61 percent of the total premiums and received approximately 68 percent of the proceeds.

A party may recover under the unjust enrichment theory when one person has obtained a benefit from another by fraud, duress, or the taking of an undue advantage. *See Heldenfels Bros. v. City of Corpus Christi*, 832 S.W.2d 39, 41 (Tex.1992); *Pope v. Garrett*, 147 Tex. 18, 211 S.W.2d 559, 560–62 (1948). When, as here, there is no express contract controlling the circumstances, a party may seek to recover under unjust enrichment. *See Truly v. Austin*, 744 S.W.2d 934, 936 (Tex.1988). Unjust enrichment is not, however, a proper remedy merely because it "might appear expedient or generally fair that some recompense be afforded for an unfortunate loss" to the claimant, or because the benefits to the person

sought to be charged amount to a windfall. *Pope*, 211 S.W.2d at 562. The profit must be "unjust" under principles of equity. *Harris v. Sentry Title Co.*, 715 F.2d 941, 949 (5th Cir.1983).

The record contains no evidence of fraud, duress, or undue advantage taken by ZGMC. The parties purchased the aggregate insurance policy from the same broker, with each named party negotiating on its own behalf. In his deposition, Zapata's Stephenson testified that ZGMC did not have any influence over Zapata in its decisions with respect to insurance policies in 1990. We see no genuine issue of material fact that would preclude summary judgment in regard to unjust enrichment.

We overrule point of error three. Having overruled the first three points of error, we need not address point of error four.

We affirm the trial court's judgment.