**TRANSAMERICA OCCIDENTAL LIFE INSURANCE COMPANY and Transamerica Annuity Service Corporation, Appellants**

v.

**RAPID SETTLEMENTS, LTD. and Lisa Kaminski, Appellees.**

No. 01–07–00195–CV.

Court of Appeals of Texas, Houston (1st Dist.).

July 3, 2008.

---

David L. Pybus, Preis & Roy, Houston, TX, for Appellant.

Harry J. Fleming, Monica Cavazos-Rosas, Stewart A. Feldman, Susan Hatcher Knight, The Feldman Law Firm LLP, Houston, TX, for Appellee.

Panel consists of Chief Justice RADACK and Justices JENNINGS and BLAND.

## MEMORANDUM OPINION

JANE BLAND, Justice.

Transamerica Occidental Life Insurance Company and Transamerica Annuity Service Corporation (collectively, Transamerica) bring this restricted appeal from the trial court's final judgment confirming an arbitration award. The award purports to enforce a transfer agreement between appellees Rapid Settlements, Ltd. (Rapid Settlements) and Lisa Kaminski that assigned to Rapid Settlements the right to distributions Kaminski was entitled to receive under a structured settlement agreement. According to Transamerica, it never received notice of Rapid Settlements's suit or consented to the judgment. Transamerica contends that the trial court further erred by entering the order to aid in the enforcement of judgment because: (1) the court lacks subject matter jurisdiction over Rapid Settlement's claim; (2) the arbitrator exceeded his authority in making the award; (3) the agreement between Rapid Settlements and appellee Lisa Kaminski[1] is invalid and unenforceable; (4) the judgment violates the Structured Settlements Protection Act, Texas Civil Practice and Remedies Code sections 141.001–.007; and (5) the judgment contains various findings of fact and conclusions of law not supported by the record. We reverse and render.

## Background

In 1994, Kaminski entered into a written structured settlement agreement that provides for periodic payments to Kaminski. In 2005, Kaminski and Rapid Settlements entered into a transfer agreement which provided that Rapid Settlements would pay Kaminski a lump sum of $13,000.00 in exchange for her rights to future payments due under the settlement agreement.

Rapid Settlements claims that Kaminski, who lives in Iowa, represented that the proposed payments were free and clear of any encumbrances and were readily available for transfer, even though Kaminski had previously granted a security interest in the proposed transfer payments to another entity, and had sold ten of the payments to an undisclosed party. Rapid Settlements instituted an arbitration proceeding in Texas against Kaminski asserting breach of the transfer agreement. In

1. Kaminski has not filed an appellee's brief or otherwise participated in this appeal.

October 2006, the arbitrator entered an agreed amended award in favor of Rapid Settlements. The arbitrator's award approves the transfer of:

> Sums Certain Payments: Fifteen (15) monthly payments each in the amount of $1100 out of $1182.80 beginning on June, 2004[sic] through and including August 1, 2015.

> Sums Uncertain Payments (payments are made only during the measuring individual's life): One hundred fifty-five (155) monthly payments each in the amount of $1100 out of $1182.80 beginning on September 1, 2015 through and including July 1, 2028.

The award also confirms Rapid Settlements' agreement to pay Kaminski $13,000 for the transfer rights.

Transamerica received notice of the arbitration proceeding, but did not appear. The arbitration award orders Transamerica to change the designated payee under the annuity to an entity designated by Rapid Settlements, and to send formal acknowledgment of the transfer within seven days after its receipt of a judgment confirming the award.

Rapid Settlements then filed an "Original Petition for Confirmation of Arbitration Award" in Harris County Civil Court at Law Number 2. The petition named Kaminski as the only defendant. Transamerica was not named as a party and was not served with notice of the suit. The trial court signed a final judgment confirming the arbitration award on October 27, 2006.[2] The judgment orders

> that [Kaminski and Transamerica] are hereby directed to deliver and make payable to [Rapid Settlements], its successors and/or assigns, as they become

due, the following payments under the Annuity Contract No. 942463 with Kaminski:

> Sums Certain Payments: Fifteen (15) monthly payments each in the amount of $1100 out of $1182.80 beginning on August 1, 2013 through and including August 1, 2015.

> Sums Uncertain Payments (payments are made only during the measuring individual's life): One hundred fifty-five (155) monthly payments each in the amount of $1100 out of $1182.80 beginning on September 1, 2015 through and including July 1, 2028.

Transamerica noticed its restricted appeal from this judgment on February 26, 2007.

### Subject Matter Jurisdiction

Among other issues in its appeal, Transamerica contends that the amount in controversy exceeds the limits of the trial court's jurisdiction. Subject matter jurisdiction is essential for a court to have the authority to resolve a case. *French v. Moore*, 169 S.W.3d 1, 6 (Tex.App.-Houston [1st Dist.] 2004, no pet.) (citing *Tex. Ass'n of Bus.v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443 (Tex.1993)). Whether a court has subject matter jurisdiction is a question of law that we review de novo. *Id.* (citing *Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex.1998)). We look to the allegations in the plaintiff's petition in determining the amount in controversy for jurisdictional purposes. *See id.* (citing *Cont'l Coffee Prods. Co. v. Cazarez*, 937 S.W.2d 444, 449 (Tex.1996)); *see also Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 555 (Tex.2000) (stating that amount in controversy "must ordinarily be decided solely on the pleadings"). We must presume that the trial court has subject mat-

---

**2.** The trial court's judgment requires Kaminski to begin making payments in August 2013, nearly a year before June 2014, the date on which the arbitrator's award orders the payments to commence.

ter jurisdiction unless the absence of jurisdiction affirmatively appears on the face of the petition. *French,* 169 S.W.3d at 6. Normally, the plaintiff's pleadings determine the amount in controversy, except when the defendant alleges that the amount in controversy pleaded by the plaintiff is a sham to wrongfully obtain jurisdiction. *Id.* (citing *Bland,* 34 S.W.3d at 554); *see also United Servs. Auto. Ass'n v. Brite,* 215 S.W.3d 400, 402 (Tex.2007) ("We have previously held that the amount in controversy is determined by the amount the plaintiff seeks to recover."). When a plaintiff fails to state an amount in controversy in its petition, the trial court is not automatically deprived of subject matter jurisdiction. *French,* 169 S.W.3d at 6–7 (citing *Peek v. Equip. Serv. Co.,* 779 S.W.2d 802, 804 (Tex.1989)). Rather, a plaintiff may prove jurisdiction at trial. *Id.* at 7 (citing *Peek,* 779 S.W.2d at 804).

Sections 25.0003 and 25.1032 of the Texas Government Code grant jurisdiction to statutory county courts and to the Harris County Civil Courts at Law. *See* TEX. GOV'T CODE ANN. §§ 25.0003, 25.1032 (Vernon 2004); *see also Cazarez,* 937 S.W.2d at 447–49. The jurisdictional limit of the Harris County Civil Courts at Law is more than $500 but less than $100,000, excluding interest, statutory or punitive damages, penalties, attorney's fees, and costs. TEX. GOV'T CODE ANN. §§ 25.0003(c)(1), 25.1032(a); *see also Smith v. Clary Corp.,* 917 S.W.2d 796, 798 (Tex.1996) (stating general jurisdictional rule, and noting that "many exceptions" exist).

■ Rapid Settlements's original petition does not allege that the amount in controversy is within the jurisdictional limits of the court. In its request for relief, Rapid Settlements asked that the trial court "enter judgment confirming the arbitrator's award as made by the arbitrator." Rapid Settlements also attached a copy of the arbitration award and expressly incorporated it by reference. The language in the arbitration award demonstrates that Rapid Settlements's total damages claim involves rights to payments totaling $187,000 plus $500 in arbitration fees. This exceeds the $100,000 jurisdictional limit of the trial court. *See* TEX. GOV'T CODE ANN. §§ 25.0003(c)(1); 25.1032(a). Because the amount sought by Rapid Settlements exceeds $100,000, the face of the petition affirmatively shows that the trial court did not have subject matter jurisdiction.

Rapid Settlements contends that the amount in controversy is below the $100,000 limit of the trial court because: (1) although it sought in excess of $100,000, it was required to pay Kaminski for the assignment of the right to the future payments; and (2) the disclosure statement that Rapid Settlements provided to Kaminski in connection with the transfer agreement estimated the current fair market value of the future payments at $90,230. We disagree with both contentions. Even after subtracting the $13,000 owed to Kaminski pursuant to the arbitrator's award, the amount sought by Rapid Settlements still exceeds $100,000. With respect to Rapid Settlements's valuation argument, we note that Rapid Settlements, the master of its pleadings, did not attach the disclosure statement to its pleadings or plead damages under a current market value theory. Rather, it relied on the arbitrator's award as grounds for its damages claim, and therefore pleaded for an amount beyond the jurisdictional limits of the trial court. *See United Servs. Auto. Ass'n,* 215 S.W.3d at 402 (noting that "amount in controversy is determined by the amount the plaintiff seeks to recover").

## Conclusion

We reverse the trial court's judgment and render judgment dismissing the cause for lack of subject matter jurisdiction.

All pending motions are dismissed as moot.