Reversed and Remanded and Opinion filed June 30, 2009








Reversed and Remanded and Opinion filed June 30, 2009.

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-07-01091-CV

_______________

 

CREDIGY RECEIVABLES, INC., Appellant

 

V.

 

ALEXANDER R. MAHINAY, Appellee

                                                                                     
                                                          

On Appeal from the County Civil Court
at Law No. 1

Harris County, Texas

Trial Court Cause No. 898231

                                                                                       
                                                        

 

O P I N I O N

In this suit on an arbitration award,
appellant Credigy Receivables, Inc. (ACredigy@)  appeals the dismissal of its case
by a Harris County civil court at law for want of jurisdiction.  Because we
conclude the trial court does have subject-matter jurisdiction of the claims
asserted, we reverse and remand.  








I.  Factual
and Procedural Background

According to the pleadings and
attachments in the record, Credigy purchased appellee Alexander Mahinay=s MBNA credit account, on which
Mahinay had defaulted, and pursuant to the Federal Arbitration Act, obtained an
arbitration award of $4,550.66 on May 30, 2006.  On July 11, 2007, Credigy
filed suit on the award in Harris County Civil Court at Law No. 1.  Mahinay
failed to answer the suit, and after Credigy moved for default judgment, the
trial court dismissed the suit for want of jurisdiction.[1] 
The trial court did not specify the basis for its conclusion that it lacked
jurisdiction, but Credigy appears to argue that the trial court dismissed the
case in the mistaken belief that it lacked jurisdiction to consider an
arbitration award governed by the Federal Arbitration Act, or because it
concluded that the arbitration award was unenforceable under the Texas General
Arbitration Act.  Credigy asks that we reverse the order dismissing the case
and remand for further proceedings.

II.  Issues Presented

In two issues, Credigy argues that
(a) the Federal Arbitration Act (AFAA@) preempts the Texas General
Arbitration Act (commonly referred to as the ATAA@) to the extent that the two
conflict, and (b) Harris County Courts have subject-matter jurisdiction
over cases seeking confirmation of arbitration awards of less than $100,000.  

III.  Standard of Review








Whether a trial court has
subject-matter jurisdiction is a question of law that we review de novo.  See
Mayhew v. Town of Sunnyvale, 964 S.W.2d 922, 928 (Tex. 1998).  We consider
only evidence relevant to the jurisdictional inquiry and construe the pleadings
in the plaintiff=s favor, looking to the pleader=s intent and accepting all his
allegations as true.  Patton v. Jones, 212 S.W.3d 541, 545 (Tex. App.CAustin 2006, pet. denied) (op. on reh=g) (citing County of Cameron v.
Brown, 80 S.W.3d 549, 555 (Tex. 2002) and Bland Indep. Sch. Dist. v.
Blue, 34 S.W.3d 547, 555 (Tex. 2000)).  We presume that a trial court has
jurisdiction unless the absence of jurisdiction affirmatively appears on the
face of the petition.  French v. Moore, 169 S.W.3d 1, 6 (Tex. App.CHouston [1st Dist.] 2004, no pet.); see
also Peek v. Equip. Serv. Co. of San Antonio, 779 S.W.2d 802, 805 (Tex.
1989) (explaining that in the absence of objections by the defendant to curable
pleading defects, Athe plaintiff may proceed to trial, however defective its
allegations@).  Thus, to defeat jurisdiction, the plaintiff=s pleadings must demonstrate an
incurable defect that deprives the court of subject-matter jurisdiction.  Patton,
212 S.W.3d at 545.

IV.  Analysis

Because it is dispositive of this
appeal, we begin with Credigy=s second issue, which concerns the scope of the trial court=s subject-matter jurisdiction.  AA county civil court at law in Harris
County has jurisdiction over all civil matters and causes, original and
appellate, prescribed by law for county courts, but does not have the
jurisdiction of a probate court.@  Tex.
Gov=t Code Ann. ' 25.1032(a) (Vernon 2004). 
County courts have concurrent jurisdiction with district courts in Acivil cases in which the matter in
controversy exceeds $500 but does not exceed $100,000, excluding interest,
statutory or punitive damages and penalties, and attorney=s fees and costs, as alleged on the
face of the petition.@  Id. ' 25.0003(c)(1).  ATogether, these provisions grant
Harris County civil courts at law concurrent jurisdiction with district courts
in civil cases in which the amount in controversy falls within a certain
jurisdictional dollar limit for statutory county courts.@  Cont=l Coffee Prods. Co. v. Cazarez, 937 S.W.2d 444, 448 (Tex. 1996).








Credigy=s claim falls within these
parameters, and we are unable to discern in the pleadings any bar to the trial
court=s exercise of jurisdiction.  Although
Credigy spends much of its brief arguing that the arbitration award is valid
because provisions of the TAA that might invalidate the FAA are preempted, this
argument goes to the merits of Credigy=s claim, not to the trial court=s jurisdiction.  If the parties Ahave asserted nothing in the TAA or
other state law that would subvert enforcement of the agreements at issue,@ then the FAA does not preempt the
TAA, and the court may have jurisdiction under both laws.  See  In re
D. Wilson Constr. Co., 196 S.W.3d 774, 780 (Tex. 2006).

Assuming that federal preemption does
apply in this case, the application of the FAA, without more, does not divest a
state court of jurisdiction.  Mills v. Warner Lambert Co., 157 S.W.3d
424, 427 (Tex. 2005) (per curiam).  Federal and state courts instead have
concurrent jurisdiction to enforce the FAA.  See Moses H. Cone Mem=l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 25 (1983); In re
Kellogg Brown & Root, Inc., 166 S.W.3d 732, 739 (Tex. 2005) (orig.
proceeding).  Moreover, the FAA does not preempt state common‑law actions
to confirm arbitration awards.  FIA Card Servs., N.A. v. Gachiengu, 571
F. Supp. 2d 799, 805 (S.D. Tex. 2008).[2]  

In sum, the determination of whether
the trial court has subject-matter jurisdiction does not require us to
determine if Credigy=s claims are governed by the TAA, the FAA, or both, because
the Harris County civil court at law had subject-matter jurisdiction over the
case regardless of which of these substantive laws apply.  We therefore reverse
the trial court=s judgment and remand for further proceedings in accordance
with this opinion.

 

 

 

/s/        Eva M. Guzman

Justice

 

Panel consists of Justices Yates,
Guzman, and Sullivan. 









[1]  The trial court originally dismissed the suit on
December 4, 2007.  Credigy moved for reinstatement and filed a ABrief in Support of Enforcement of Arbitration Award.@  The trial court reinstated the case on December 13,
2007 to consider the brief, then dismissed the suit again.





[2]  Under the FAA, a party to the arbitration may move
to confirm an award within one year of the award=s date.  See 9 U.S.C.A. ' 9
(West 2009).  As noted in FIA Card Services and the cases cited therein,
there is a split of authority among federal courts as to whether this provision
is permissive or constitutes a mandatory statute of limitations.  FIA Card
Servs., 571 F. Supp. 2d at 803B05. 
Although it is undisputed that Credigy filed this suit more than one year after
the arbitration award,  it is unclear whether it seeks to confirm an award or
simply pursue judgment based on Mahinay=s
failure to pay.  We need not consider this issue, however, because even if the
action is time-barred, this would be an affirmative defense rather than a
jurisdictional barrier.  See Tex.
R. Civ. P. 94; Mauldin v. MBNA Am. Bank, N.A., No. 2‑07‑208‑CV,
2008 WL 4779614, at *3B4 (Tex. App.CFort
Worth, no pet.) (mem. op.).