**UNITED SERVICES AUTOMOBILE ASSOCIATION, also known as "USAA", Petitioner,**

v.

**James Steven BRITE, Respondent.**

No. 05–0132.

Supreme Court of Texas.

Argued Sept. 26, 2006.

Decided Feb. 2, 2007.

Raquel G. Perez, Kathleen A. Devine, United Services Automobile Association, Judy K. Jetelina, Bracewell & Patterson, San Antonio, W. Carl Jordan, Vinson & Elkins LLP, Houston, J. Joe Harris, Southwest Airlines Co., Dallas, Lacey L. Gourley, Bracewell & Patterson, L.L.P., Pamela Stanton Baron, Austin, for Petitioner.

Jeffrey D. Small, Law Office of Jeff Small, Jeffrey Alan Goldberg, Cynthia A. Cano, San Antonio, Douglas Alexander, Alexander Dubose Jones & Townsend, LLP, Austin, for Respondent.

Kathryn S. Vaughn, Baker Botts LLP, Houston, for Amicus Curiae Texas Employment Law Council.

Jeffrey C. Londa, Ogletree Deakins Nash Smoak & Stewart, P.C., Houston, for

Amicus Curiae Texas Association of Business.

Justice MEDINA delivered the opinion of the Court.

█ County courts at law are courts of limited jurisdiction and many, including the county court at law in this case, lack jurisdiction over a "matter in controversy" that exceeds $100,000.[1]  *See* TEX. GOV'T CODE § 25.0003(c)(1); *see also id.* § 25.0172 (Bexar County Court at Law Provisions).  The question here is whether the value of this case at filing (commonly referred to as the amount in controversy) exceeded the court's $100,000 jurisdictional limit.  To answer that question, we must decide whether the amount in controversy includes the total amount of the damages the plaintiff seeks to recover, or whether it excludes damages that are uncertain in duration or amount.  Because we hold that the "matter in controversy" includes all of the damages the plaintiff seeks to recover at the time suit is filed, we conclude that the case's value here at the time of filing exceeded $100,000 and that the county court at law therefore lacked jurisdiction over this matter.  Accordingly, we reverse the judgment of the court of appeals and dismiss the case for want of jurisdiction.

James Steven Brite was employed by United Services Automobile Association (USAA) from 1977 to 2001.  In 2001, USAA undertook a reduction in force and terminated Brite's employment.  Brite subsequently filed an age-discrimination lawsuit against USAA, alleging that he was selected for a layoff because of his age.

Brite filed his suit in the Bexar County Court at Law No. 7, which has jurisdiction concurrent with that of the district court in "civil cases in which the matter in controversy exceeds $500 but does not exceed $100,000, excluding interest, statutory or punitive damages and penalties, and attorney's fees and costs, as alleged on the face of the petition...."  TEX. GOV'T CODE § 25.0003(c)(1).  In his original petition, Brite pleaded that his damages exceeded the statutory minimum of $500, but he did not plead that his damages were below the $100,000 maximum limits.  Although he did not specify amounts, his pleadings did seek the recovery of back pay, front pay, punitive damages, and attorney's fees.  Brite's pleading did not use the terms "back pay" and "front pay" but rather described his damages as "compensation due Plaintiff that accrued at the time of filing this Petition" (back pay) and "the present value of unaccrued wage payments" (front pay).

Subsequently, Brite amended his petition to state that he sought damages of $1.6 million.  He did not specify how much of that amount consisted of punitive damages or attorney's fees, but in a later discovery response, Brite admitted that "his lost wages and benefits in the future, until age 65, total approximately $1,000,000.00."

USAA filed a plea to the jurisdiction, asserting that the county court at law lacked jurisdiction because Brite sought damages greater than $100,000.  The trial court denied the plea, and, after a jury trial, the court ultimately awarded Brite $188,406 for back pay, $350,000 for front pay, $300,000 in punitive damages, $129,387 in attorney's fees, and prejudgment interest.  The court of appeals, with one justice dissenting, affirmed the trial court's judgment.  161 S.W.3d 566.

---

**1.** There are a number of exceptions to this jurisdictional limit of $100,000.  *See, e.g.,* TEX. GOV'T CODE §§ 25.0732(a) (El Paso County), 25.0862(a) (Galveston County), 25.0942(a) (Gregg County), 25.1802(a) (Nueces County), and 25.2142(a) (Smith County).

■ USAA argues here that the court of appeals erred in affirming the trial court's judgment because the amount in controversy at the time Brite filed suit exceeded $100,000, thus depriving the county court at law of jurisdiction over the matter. We agree.

■ Texas Rule of Civil Procedure 47(b) requires that an original pleading "contain ... the statement that damages sought are within the jurisdictional limits of the court." Moreover, we have said that "[t]he general rule is that the allegations of the plaintiff's petition must state facts which affirmatively show the jurisdiction of the court in which the action is brought." *Richardson v. First Nat'l Life Ins. Co.,* 419 S.W.2d 836, 839 (Tex.1967). Brite's petition did not comply with these authorities because it failed to assert that the matter in controversy was within the monetary limitations of the county court at law's jurisdiction. His petition was therefore defective. He could have remedied this defect, however, by proving jurisdiction in the trial court, as his original petition did not "affirmatively demonstrate an absence of jurisdiction." *See Peek v. Equip. Serv. Co.,* 779 S.W.2d 802, 804 (Tex. 1989) ("Even if the jurisdictional amount is never established by pleading, in fact, a plaintiff may recover if jurisdiction is proved at trial.").

Brite asserts that he established jurisdiction by proof at trial that, at the time he filed his petition, his back-pay damages totaled less than $100,000. USAA, on the other hand, argues that Brite's request for front-pay damages must also be included in calculating the amount in controversy. Because Brite's alleged front-pay damages alone exceeded $100,000 at the time he filed suit, including these damages would mean that the county court at law did not have jurisdiction over the case. TEX. GOV'T CODE § 25.0003(c)(1).

We have previously held that the amount in controversy is determined by the amount the plaintiff seeks to recover. *Tune v. Tex. Dep't of Pub. Safety,* 23 S.W.3d 358, 361 (Tex.2000) ("It has long been the law that the phrase 'amount in controversy,' in the jurisdictional context, means 'the sum of money or *the value of the thing* originally sued for ....'" quoting *Gulf, C. & S.F. Ry. Co. v. Cunnigan,* 95 Tex. 439, 67 S.W. 888, 890 (1902) (emphasis in original)). Brite argues, however, that we should abandon this rule in favor of another that takes into consideration the probability that plaintiff will succeed. Thus, he submits that the amount in controversy should not be calculated by the damages originally sued for, but instead by the amount of damages that, more likely than not, the plaintiff would recover. Under his proposed rule, Brite asserts that front pay should not be included in the amount in controversy because it was unlikely that he would recover those damages at the time he filed suit. Although Brite sued for front pay, asserting that he would "[i]n all reasonable probability" sustain those damages, he now submits that he was unlikely to prevail on this claim because the front-pay remedy is disfavored by the courts.

The court of appeals accepted this argument, holding that because of the "speculative nature of the front-pay damages," the trial court did not err in excluding those damages from its calculation of the amount in controversy. 161 S.W.3d at 573 n. 1. A dissenting justice disagreed, noting that "[f]or purposes of determining the 'amount in controversy,' the question is not what a plaintiff will recover or is likely to recover; it is what the plaintiff seeks to recover." *Id.* at 586 (Duncan, J. dissenting). We agree with the dissenting justice.

■ The jurisdictional statute for county courts at law values the matter in controversy on the amount of damages "al-

leged" by the plaintiff, not on the amount the plaintiff is likely to recover. As previously stated, it grants county courts at law jurisdiction over "civil cases in which the matter in controversy exceeds $500 but does not exceed $100,000, excluding interest, statutory or punitive damages and penalties, and attorney's fees and costs, as alleged on the face of the petition...." TEX. GOV'T CODE § 25.0003(c)(1). And although the statute excludes several items when determining the amount in controversy, front pay is not among them. *See Mid–Century Ins. Co. of Tex. v. Kidd,* 997 S.W.2d 265, 273–74 (Tex.1999) (doctrine of *expressio unius est exclusio alterius*—the inclusion of a specific limitation excludes all others—a statutory interpretation tool of some use under these circumstances). Moreover, the statute is not ambiguous, and courts are required to interpret unambiguous language according to its plain meaning. *McIntyre v. Ramirez,* 109 S.W.3d 741, 745 (Tex.2003). Because the statute bases jurisdiction on the damages "alleged on the face of the petition" and makes no exclusion based on the plaintiff's likelihood of recovery, it does not allow front-pay damages to be excluded from the amount in controversy. We therefore hold that front-pay damages must be included when determining the amount in controversy.

The amount in controversy in this case exceeded $100,000 at the time Brite filed suit, and thus the county court at law lacked jurisdiction over this matter. Accordingly, we reverse the court of appeals' judgment and, without reference to the merits, dismiss the case for want of jurisdiction.

Justice GREEN did not participate in the decision.