Opinion issued July 3, 2008

 











In The
Court of Appeals
For The
First District of Texas




NO. 01-07-00195-CV




TRANSAMERICA OCCIDENTAL LIFE INSURANCE COMPANY AND
TRANSAMERICA ANNUITY SERVICE CORPORATION, Appellants

V.

RAPID SETTLEMENTS, LTD. AND LISA KAMINSKI, Appellees




On Appeal from County Civil Court at Law No. 2
Harris County, Texas
Trial Court Cause No. 875789


 

MEMORANDUM OPINION

          Transamerica Occidental Life Insurance Company and Transamerica Annuity
Service Corporation (collectively, Transamerica) bring this restricted appeal from the
trial court’s final judgment confirming an arbitration award. The award purports to
enforce a transfer agreement between appellees Rapid Settlements, Ltd. (Rapid
Settlements) and Lisa Kaminski that assigned to Rapid Settlements the right to
distributions Kaminski was entitled to receive under a structured settlement
agreement. According to Transamerica, it never received notice of Rapid
Settlements’s suit or consented to the judgment. Transamerica contends that the trial
court further erred by entering the order to aid in the enforcement of judgment
because: (1) the court lacks subject matter jurisdiction over Rapid Settlement’s claim;
(2) the arbitrator exceeded his authority in making the award; (3) the agreement
between Rapid Settlements and appellee Lisa Kaminski


 is invalid and unenforceable;
(4) the judgment violates the Structured Settlements Protection Act, Texas Civil
Practice and Remedies Code sections141.001–.007; and (5) the judgment contains
various findings of fact and conclusions of law not supported by the record. We
reverse and render. BackgroundIn 1994, Kaminski entered into a written structured settlement agreement that
provides for periodic payments to Kaminski. In 2005, Kaminski and Rapid
Settlements entered into a transfer agreement which provided that Rapid Settlements
would pay Kaminski a lump sum of $13,000.00 in exchange for her rights to future
payments due under the settlement agreement.
          Rapid Settlements claims that Kaminski, who lives in Iowa, represented that
the proposed payments were free and clear of any encumbrances and were readily
available for transfer, even though Kaminski had previously granted a security
interest in the proposed transfer payments to another entity, and had sold ten of the
payments to an undisclosed party. Rapid Settlements instituted an arbitration
proceeding in Texas against Kaminski asserting breach of the transfer agreement. In
October 2006, the arbitrator entered an agreed amended award in favor of Rapid
Settlements. The arbitrator’s award approves the transfer of:
Sums Certain Payments: Fifteen (15) monthly payments each in the
amount of $1100 out of $1182.80 beginning on June, 2004 [sic] through
and including August 1, 2015. 
 
Sums Uncertain Payments (payments are made only during the
measuring individual’s life): One hundred fifty-five (155) monthly
payments each in the amount of $1100 out of $1182.80 beginning on
September 1, 2015 through and including July 1, 2028. 

 The award also confirms Rapid Settlements’ agreement to pay Kaminski $13,000 for
the transfer rights.
          Transamerica received notice of the arbitration proceeding, but did not appear. 
The arbitration award orders Transamerica to change the designated payee under the
annuity to an entity designated by Rapid Settlements, and to send formal
acknowledgment of the transfer within seven days after its receipt of a judgment
confirming the award. 
          Rapid Settlements then filed an “Original Petition for Confirmation of
Arbitration Award” in Harris County Civil Court at Law Number 2. The petition
named Kaminski as the only defendant. Transamerica was not named as a party and
was not served with notice of the suit. The trial court signed a final judgment
confirming the arbitration award on October 27, 2006.


 The judgment orders 
that [Kaminski and Transamerica] are hereby directed to deliver and
make payable to [Rapid Settlements], its successors and/or assigns, as
they become due, the following payments under the Annuity Contract
No. 942463 with Kaminski:
 
Sums Certain Payments: Fifteen (15) monthly payments each in the
amount of $1100 out of $1182.80 beginning on August 1, 2013 through
and including August 1, 2015. 
 
Sums Uncertain Payments (payments are made only during the
measuring individual’s life): One hundred fifty-five (155) monthly
payments each in the amount of $1100 out of $1182.80 beginning on
September 1, 2015 through and including July 1, 2028.

 Transamerica noticed its restricted appeal from this judgment on February 26, 2007. 
                                                                  Subject Matter Jurisdiction
          Among other issues in its appeal, Transamerica contends that the amount in
controversy exceeds the limits of the trial court’s jurisdiction. Subject matter
jurisdiction is essential for a court to have the authority to resolve a case. French v.
Moore, 169 S.W.3d 1, 6 (Tex. App.—Houston [1st Dist.] 2004, no pet.) (citing Tex.
Ass’n of Bus.v. Tex. Air Control Bd., 852 S.W.2d 440, 443 (Tex. 1993)). Whether a
court has subject matter jurisdiction is a question of law that we review de novo. Id.
(citing Mayhew v. Town of Sunnyvale, 964 S.W.2d 922, 928 (Tex. 1998)). We look
to the allegations in the plaintiff’s petition in determining the amount in controversy
for jurisdictional purposes. See id. (citing Cont’l Coffee Prods. Co. v. Cazarez, 937
S.W.2d 444, 449 (Tex. 1996)); see also Bland Indep. Sch. Dist. v. Blue, 34 S.W.3d
547, 555 (Tex. 2000) (stating that amount in controversy “must ordinarily be decided
solely on the pleadings”). We must presume that the trial court has subject matter
jurisdiction unless the absence of jurisdiction affirmatively appears on the face of the
petition. French, 169 S.W.3d at 6. Normally, the plaintiff’s pleadings determine the
amount in controversy, except when the defendant alleges that the amount in
controversy pleaded by the plaintiff is a sham to wrongfully obtain jurisdiction. Id.
(citing Bland, 34 S.W.3d at 554); see also United Servs. Auto. Ass’n v. Brite, 215
S.W.3d 400, 402 (Tex. 2007) (“We have previously held that the amount in
controversy is determined by the amount the plaintiff seeks to recover.”). When a
plaintiff fails to state an amount in controversy in its petition, the trial court is not
automatically deprived of subject matter jurisdiction. French, 169 S.W.3d at 6–7
(citing Peek v. Equip. Serv. Co., 779 S.W.2d 802, 804 (Tex. 1989)). Rather, a
plaintiff may prove jurisdiction at trial. Id. at 7 (citing Peek, 779 S.W.2d at 804).
          Sections 25.0003 and 25.1032 of the Texas Government Code grant
jurisdiction to statutory county courts and to the Harris County Civil Courts at Law. 
See Tex. Gov’t Code Ann. §§ 25.0003, 25.1032 (Vernon 2004); see also Cazarez,
937 S.W.2d at 447–49. The jurisdictional limit of the Harris County Civil Courts at
Law is more than $500 but less than $100,000, excluding interest, statutory or
punitive damages, penalties, attorney’s fees, and costs. Tex. Gov’t Code Ann.
§§ 25.0003(c)(1), 25.1032(a); see also Smith v. Clary Corp., 917 S.W.2d 796, 798
(Tex. 1996) (stating general jurisdictional rule, and noting that “many exceptions”
exist).
          Rapid Settlements’s original petition does not allege that the amount in
controversy is within the jurisdictional limits of the court. In its request for relief, 
Rapid Settlements asked that the trial court “enter judgment confirming the
arbitrator’s award as made by the arbitrator.” Rapid Settlements also attached a copy
of the arbitration award and expressly incorporated it by reference. The language in
the arbitration award demonstrates that Rapid Settlements’s total damages claim
involves rights to payments totaling $187,000 plus $500 in arbitration fees. This
exceeds the $100,000 jurisdictional limit of the trial court. See Tex. Gov’t Code
Ann. §§ 25.0003(c)(1); 25.1032(a). Because the amount sought by Rapid
Settlements exceeds $100,000, the face of the petition affirmatively shows that the
trial court did not have subject matter jurisdiction. 
          Rapid Settlements contends that the amount in controversy is below the 
$100,000 limit of the trial court because: (1) although it sought in excess of $100,000, 
it was required to pay Kaminski for the assignment of the right to the future
payments; and (2) the disclosure statement that Rapid Settlements provided to
Kaminski in connection with the transfer agreement estimated the current fair market
value of the future payments at $90,230. We disagree with both contentions. Even
after subtracting the $13,000 owed to Kaminski pursuant to the arbitrator’s award, the
amount sought by Rapid Settlements still exceeds $100,000. With respect to Rapid
Settlements’s valuation argument, we note that Rapid Settlements, the master of its
pleadings, did not attach the disclosure statement to its pleadings or plead damages
under a current market value theory. Rather, it relied on the arbitrator’s award as
grounds for its damages claim, and therefore pleaded for an amount beyond the
jurisdictional limits of the trial court. See United Servs. Auto. Ass’n, 215 S.W.3d at
402 (noting that “amount in controversy is determined by the amount the plaintiff
seeks to recover”). Conclusion
          We reverse the trial court’s judgment and render judgment dismissing the cause
for lack of subject matter jurisdiction.
          All pending motions are dismissed as moot.


                                                             Jane Bland
                                                             Justice

Panel consists of Chief Justice Radack and Justices Jennings and Bland.