April 1, 2011

The Honorable D. Matt Bingham
Smith County Criminal District Attorney
Smith County Courthouse
100 North Broadway, 4th Floor
Tyler, Texas 75702

Opinion No. GA-0853

Re: Whether volunteer assistant fire marshals may be designated as "reserve deputies" (RQ-0927-GA)

Dear Mr. Bingham:

The Smith County Fire Marshal has appointed six "Volunteer Assistant Fire Marshals."[1] You explain that the volunteer assistant fire marshals might not be "reserve law enforcement officer[s]" under chapter 1701 of the Occupations Code and that their testimony in future court cases might therefore be "compromise[d]" and they might not be able to be "certified as arson investigators." Request Letter, *supra* note 1, at 2–3 & n.5. Accordingly, you ask whether they may be commissioned or appointed as reserve law enforcement officers. *Id.* at 2–3.

A reserve law enforcement officer under chapter 1701 is "a person designated as a reserve law enforcement officer under Section 85.004, 86.012, or 341.012, Local Government Code, or Section 60.0775, Water Code." TEX. OCC. CODE ANN. § 1701.001(6) (West Supp. 2010). None of these statutes designates an assistant volunteer fire marshal as a reserve law enforcement officer. *See* TEX. LOC. GOV'T CODE ANN. §§ 85.004 (West 2008) (reserve deputy sheriff), 86.012 (reserve deputy constable), 341.012 (West 2005) (reserve municipal police force); *see also* TEX. WATER CODE ANN. § 60.0775 (West Supp. 2010) (navigation district reserve police force). Therefore, a volunteer assistant fire marshal is not designated as a reserve law enforcement officer under chapter 1701 of the Occupations Code. *See United Svcs. Auto. Ass'n v. Brite*, 215 S.W.3d 400, 403 (Tex. 2007) (explaining the doctrine of *expressio unius est exclusio alterius*, which provides that a statute's express inclusion of one thing excludes other things not expressly included).

Similarly, the statutes listing the powers and duties of county commissioners courts and county fire marshals do not mention or imply a power or duty to commission or appoint volunteer assistant fire marshals as reserve law enforcement officers. *See generally* TEX. LOC. GOV'T CODE

---

[1]Letter from Honorable D. Matt Bingham, Smith County Criminal District Attorney, to Honorable Greg Abbott, Attorney General of Texas at 3 (Oct. 28, 2010) (on file with the Opinion Committee, *also available at* http://www.texasattorneygeneral.gov) [hereinafter Request Letter].

ANN. §§ 81.021–.034 (West 2005 & Supp. 2010) (commissioners courts), 352.011–.023 (West 2005) (county fire marshals); *see also Bullock v. Calvert*, 480 S.W.2d 367, 371 (Tex. 1972) (noting that governmental bodies have only those powers expressly granted by statute and implied powers that are necessary to exercise the powers expressly granted). Therefore, the county commissioners court and the county fire marshal lack authority to commission or appoint volunteer assistant fire marshals as reserve law enforcement officers. *See* Tex. Att'y Gen. Op. No. GA-0709 (2009) at 2 (citing *Bullock*, 480 S.W.2d at 371) (opining that a county attorney could not appoint reserve peace officers because no statute provides express or necessarily implied authority to do so).[2]

Because the county commissioners court and county fire marshal lack this authority and because the definition of "reserve law enforcement officer" does not include a volunteer assistant fire marshal, a volunteer assistant fire marshal is not, as an automatic consequence of the appointment, a reserve law enforcement officer.

---

[2]Nevertheless, commissioners courts have express statutory authority to provide "assistants" to county fire marshals. TEX. LOC. GOV'T CODE ANN. § 352.011 (West 2005).

## S U M M A R Y

The Legislature did not grant county commissioners courts and county fire marshals authority to commission or appoint a volunteer assistant fire marshal as a reserve law enforcement officer. The Legislature did not include the term "volunteer assistant fire marshal" in the statutory definition of a "reserve law enforcement officer." Accordingly, a person appointed to serve as a volunteer assistant fire marshal is not, as an automatic consequence of the appointment, a reserve law enforcement officer.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

DAVID J. SCHENCK
Deputy Attorney General for Legal Counsel

JASON BOATRIGHT
Chair, Opinion Committee

Jason Boatright
Assistant Attorney General, Opinion Committee