# ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

January 31, 2014

The Honorable Ryan Guillen
Chair, Committee on Culture,
    Recreation & Tourism
Texas House of Representatives
Post Office Box 2910
Austin, Texas 78768-2910

Opinion No. GA–1040

Re: The authority of a county appraisal district to place excess funds in a capital improvement fund or to spend excess funds on a one-time, lump-sum payment to its employees (RQ-1143-GA)

Dear Representative Guillen:

You ask several questions about the authority of a county appraisal district over its budget.[1] You first ask "[w]hat qualifies as payments that are *obligated* to be spent in . . . Tax Code Section 6.06(j)." Request Letter at 1. As part of your first question, you ask: "If a County Appraisal District Board of Directors votes to spend funds that it knows have not been spent and are not going to be spent during the fiscal year for a 'one-time lump sum merit pay' for its employees, has the Board obligated those funds for purposes" of subsection 6.06(j). *Id.* at 1. You ask the same question about placing the funds in a "'Capital Improvement Fund.'" *Id.* at 2.

Section 6.06 of the Tax Code contains budget provisions for appraisal districts. It requires the chief appraiser each year to prepare a proposed budget for the appraisal district. TEX. TAX CODE ANN. § 6.06(a) (West 2008). The proposed budget shall include "a list showing each proposed position, the proposed salary for the position, all benefits proposed for the position, each proposed capital expenditure, and an estimate of the amount of the budget that will be allocated to each taxing unit." *Id.* Subsection 6.06(d) provides the formula used to determine the proportionate share that each taxing unit participating in the appraisal district must pay to the appraisal district. *Id.* § 6.06(d) (establishing formula involving the proportionate share as the taxes imposed by a taxing unit in relation to the total taxes imposed in the appraisal district for all taxing units); *see also* Tex. Att'y Gen. Op. No. GA-0030 (2003) at 1 ("The appraisal district is funded by the taxing units that participate in it.").

---

[1]*See* Letter from Honorable Ryan Guillen, Chair, Comm. on Culture, Rec. & Tourism, to Honorable Greg Abbott, Tex. Att'y Gen. at 1–2 (Aug. 2, 2013), http://www.texasattorneygeneral.gov/opin (hereinafter "Request Letter").

Subsection 6.06(j) provides that

> [i]f the total amount of the payments made or due to be made by the taxing units participating in an appraisal district exceeds the amount actually spent or obligated to be spent during the fiscal year for which the payments were made, the chief appraiser shall credit the excess amount against each taxing unit's allocated payments for the following year [in a proportion enumerated by the subsection.]

TEX. TAX CODE ANN. § 6.06(j) (West 2008). The Tax Code does not define the phrase "spent or obligated to be spent." *See generally id.* § 1.04 ("Definitions"). A common meaning of the term "obligate" is "to commit (funds, property, etc.) to meet or secure an obligation." BLACK'S LAW DICTIONARY 1178 (9th ed. 2009). Utilizing this definition, we can generally construe subsection 6.06(j) to refer to funds that are committed to meet or secure an obligation. Thus, to the extent the votes for the two expenditures involve funds that are committed to meet or secure an obligation, those funds are within the scope of subsection 6.06(j)'s phrase "obligated to be spent."

The Comptroller's office has construed subsection 6.06(j) to grant an appraisal district the authority to obligate unspent funds during a fiscal year when it knows the payment would not be made in the fiscal year.[2] The Comptroller's office is authorized to periodically review and audit appraisal districts. *See* TEX. TAX CODE ANN. §§ 5.102 (West Supp. 2013) (requiring Comptroller to review appraisal districts), 5.12 (authorizing Comptroller to audit appraisal districts). The Comptroller's office has issued guidelines to instruct its appraisal district auditors.[3] These guidelines directly address your concern, noting that where the appraisal district

> sees it will have unobligated funds left at the end of the budget year, [if i]nstead of refunding or crediting the funds to the entities, the board votes to move the funds into [its] reserves for replacement account, or disaster fund account, or some similar account, then the funds become obligated . . . .

---

[2] Any questions about the propriety of a particular appraisal district board's actions are for a district court to consider. *See Barrington v. Cokinos*, 338 S.W.2d 133, 142 (Tex. 1960) (recognizing that where a governmental body "acts illegally, unreasonably, or arbitrarily, a court of competent jurisdiction may so adjudge"); *see also* Tex. Att'y Gen. Op. No. GA-0750 (2009) at 2 (declining to address a question suggesting that a political subdivision acted intentionally with an improper purpose).

[3] *See* 2012–13 METHODS & ASSISTANCE PROGRAM INSTRUCTIONS & CHECKLISTS, http://www.window.state.tx.us/taxinfo/proptax/map/doc/2012/2012-3_MAPGuidelinesTier1.pdf.

*Id.* at 2. Given the Comptroller's oversight authority over appraisal districts, a court would give this administrative construction of subsection 6.06(j) serious consideration. *See Pruett v. Harris Cnty. Bail Bond Bd.*, 249 S.W.3d 447, 452–53 (Tex. 2008) (recognizing that courts will accord deference to the construction of a statute by the agency charged with the statute's administration so long as the construction is reasonable and does not contradict the statute); *see also* TEX. TAX CODE ANN. §§ 5.03, 5.04–.042 (West 2008 & Supp. 2013) (concerning Comptroller's authority over appraisal districts).

Your first question's remaining subpart asks: "Do funds that have been acquired by the Appraisal District from sources outside its taxing units qualify as excess funds for which the taxing units must be credited under Section 6.06(j)?" Request Letter at 2. Subsection 6.06(j) expressly provides that it is the "total amount of the payments made or due to be made by the taxing units participating in an appraisal district" that are considered excess funds. TEX. TAX CODE ANN. § 6.06(j) (West 2008). By including in subsection 6.06(j) only the payments from the taxing units, the Legislature excluded other sources of funds. *See United Servs. Auto. Ass'n v. Brite*, 215 S.W.3d 400, 403 (Tex. 2007) (explaining the doctrine of *expressio unius est exclusio alterius*, which provides that the express inclusion of one thing excludes other things not expressly included); *see also TGS-NOPEC Geophysical Co. v. Combs*, 340 S.W.3d 432, 439 (Tex. 2011) (presuming "that the Legislature chooses a statute's language with care, including each word chosen for a purpose, while purposefully omitting words not chosen"). Thus, funds received by an appraisal district from sources other than its taxing units do not qualify as excess funds for which the taxing units must be credited under subsection 6.06(j).[4]

You next ask: "May a County Appraisal District's 'Capital Improvement Fund' be budgeted for the fiscal year 2014 and onwards if excess funds are being automatically appropriated into said account and/or if the proposed amount for the 'Capitol Improvement Fund' was not prepared in the proposed budget by the June 15 deadline?" Request Letter at 2. You do not explain how "excess funds" are being "automatically appropriated into" the capital improvement fund in the 2014 fiscal year budget process. If the funds you describe are excess funds under subsection 6.06(j), they must be returned or credited to the taxing entities according to statute. TEX. TAX CODE ANN. § 6.06(j) (West 2008). With respect to future fiscal years, subsection 6.06(a) requires a proposed budget to be prepared by the chief appraiser and to be submitted to the taxing units and the appraisal district's board of directors prior to June 15. *Id.* § 6.06(a). Subsection 6.06(b) also allows for amendments to the proposed budget with a final

---

[4]This office previously concluded that funds received from another appraisal district should be included in the excess-funds calculation and returned or credited to the taxing entities. Tex. Att'y Gen. LO-94-067 (1994) at 2–3. The letter opinion did not engage in a considered analysis of subsection 6.06(j). *Id.* Instead, it noted that the subsection did not explicitly provide for the return of funds received from other sources and then used the subsection as an analogy to conclude that funds from a source other than the taxing units should nevertheless be returned to the taxing units. *Id.* Contrary to LO-94-067, the plain language of subsection 6.06(j) requires the conclusion that the subsection involves only the payments received from the participating taxing units. Because it incorrectly interprets subsection 6.06(j), we overrule LO-94-067 to the extent it is inconsistent with our conclusion here.

budget being approved prior to September 15.  *Id.* § 6.06(b).  The statutory process does not prevent changes to the proposed budget after the public hearing process and as the budget is finally approved.  *See id.* § 6.06 (a)–(d).  Moreover, a new or amended line item could be added "at any time" to the approved budget pursuant to subsection 6.06(c).  *Id.* § 6.06(c).

You also ask:

> If a County Appraisal District Board of Directors votes to give its employees an across-the-board "one-time lump sum merit payment" . . . not part of the . . . employee compensation policy . . . at the time of such vote, and states that such payment is . . . a payment of salary for future services at a temporary rate, does that violate Article III, section 53 of the Texas Constitution?

Request Letter at 2.  Article III, section 53 of the Texas Constitution prohibits the granting of any extra compensation, fee, or allowance to a public employee for services after the employee has rendered them.  TEX. CONST. art. III, § 53.  A key concern of article III, section 53 is that public compensation not be increased retroactively.  *See* Tex. Att'y Gen. Op. No. GA-0492 (2006) at 2.  Article III, section 53 does not prohibit payment of additional compensation or benefits under prospective terms of employment.  Tex. Att'y Gen. Op. Nos. GA-0322 (2005) at 5–6, JC-0147 (1999) at 3–4.  This office has previously recognized that adoption by a commissioners court of the necessary budget amendments for prospective salary payments does not offend article III, section 53.  *See* Tex. Att'y Gen. Op. Nos. JC-0361 (2001) at 3 (considering salary increases for county employees based on budget authority), JC-0147 (1999) at 3–4 (same).  As we have only limited information about the compensation policy about which you ask and because we cannot find facts in the opinion process, we do not determine whether this particular payment conforms to article III, section 53.  We advise only that if the payment operates prospectively from its proper authorization, it is likely not unconstitutional.

Subsection 6.06(b) gives the participating taxing units a mechanism by which to disapprove an appraisal district's approved budget.  TEX. TAX CODE ANN. § 6.06(b) (West 2008).  In your last question, you ask whether taxing units are able to disapprove budget amendments that are approved by an appraisal district's board under section 6.10 of the Tax Code.  Request Letter at 2.  Where the taxing units adopt resolutions that disapprove "an action, *other than adoption of the budget*, by the appraisal district board" and file the resolutions with the appraisal district board within a specified period, section 6.10 provides that the appraisal district board action is revoked on the specified day.  TEX. TAX CODE ANN. § 6.10 (West 2008) (emphasis added).  Section 6.06 distinguishes between the adoption of the budget and the amendment of the budget.  *Compare id.* § 6.06(a)–(b) (concerning adoption of budget), *with id.* § 6.06(c) (concerning amendment of the approved budget).  The plain language of section 6.10 excludes only the "adoption of the budget."  *Id.* § 6.10; *cf. id.* § 6.06(b) (providing method in budget process to disapprove the appraisal district's approved budget).  No other action of the board is excluded.  Thus, taxing units may avail themselves of the procedures in section 6.10 to disapprove the amendment of a budget by an appraisal district board.

## S U M M A R Y

An expenditure an appraisal district has committed during the fiscal year to meet or secure an obligation is an expenditure that is obligated to be spent under subsection 6.06(j) of the Tax Code.

Only "payments made or due to be made by the taxing units" should be included in the excess-funds calculation and returned or credited back to the taxing units as required by subsection 6.06(j).

Excess funds must be returned or credited to the participating taxing units as required by subsection 6.06(j). The fact that a particular line item is not "prepared in the proposed budget" by the June 15 deadline is not by itself fatal to the expenditure. The budget process in section 6.06 does not prevent amendments to the proposed budget after the public hearing process and before the budget is finally approved.

A proposed salary increase is likely not unconstitutional under Texas Constitution article III, section 53 if it operates prospectively from the time of its proper authorization.

An appraisal district's participating taxing units may utilize section 6.10 of the Tax Code to disapprove the amendment of a budget by an appraisal district board.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

JAMES D. BLACKLOCK
Deputy Attorney General for Legal Counsel

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

Charlotte M. Harper
Assistant Attorney General, Opinion Committee