# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-18-00651-CV

---

**Tradelogic Corporation, Appellant**

**v.**

**Victor Castillo d/b/a Cast Communications, Appellee**

---

### FROM COUNTY COURT AT LAW NO. 2 OF TRAVIS COUNTY
### NO. C-1-CV-17-011263, THE HONORABLE J. DAVID PHILLIPS, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

This is an appeal from a summary judgment rendered by the county court at law of Travis County denying a petition for bill of review. Appellant is Tradelogic Corporation and appellee is Victor Castillo d/b/a Cast Communications. We will affirm the judgment.

This case originated as a suit filed by Castillo in the justice court of Travis County to recover $8,242.62 in unpaid invoices for audio/visual and cabling works performed at Tradelogic's request. Tradelogic's counsel filed an answer, counterclaim, and a jury demand. Upon trial, the jury returned a verdict denying Tradelogic's counterclaim and awarding Castillo $8,242.62 in damages and $11,712.90 in attorney's fees. On May 17, 2016, the justice court rendered judgment for Castillo in the total sum of $20,395.89.[1]

---

[1] A justice court's jurisdiction is statutorily limited to cases "in which the amount in controversy is not more than $10,000, exclusive of interest." Tex. Gov't Code § 27.031(a)(1). Jurisdiction is determined by the amount in controversy at the time of the filing of the pleadings. *See United Servs. Auto Ass'n v. Brite*, 215 S.W.3d 400, 401 (Tex. 2007). Once jurisdiction is lawfully and properly acquired, no subsequent fact or event in the particular case serves to defeat

It is undisputed that Tradelogic and its counsel had notice of the judgment; however, it filed no motion for new trial. Although Tradelogic notified Castillo that it intended to appeal from the judgment, it did not file an appeal bond, a cash deposit or a sworn statement of inability to pay.

More than a year subsequent to the rendition of the underlying judgment, Tradelogic filed a petition for review in justice court. After the justice court denied its petition, Tradelogic perfected an appeal to the county court at law of Travis County. Castillo filed an answer along with no-evidence and traditional motions for summary judgment. Upon hearing, the county court at law rendered summary judgment denying the petition for bill of review.

In this Court, Tradelogic devotes most of its brief to attacking the constitutionality of Texas Rule of Civil Procedure 506.1, which governs appeals from justice courts to county courts. To take an appeal, the rule requires a defendant to file a bond, or cash in lieu of a bond, in an amount equal to twice the amount of judgment. Tradelogic asserts that Rule 506.1 violates its rights under the Open Courts provision of the Texas Constitution and the Equal Protection and Due Process clauses of the United States Constitution. We do not decide these issues since the appeal may be resolved on non-constitutional grounds. *See In re B.L.D.*, 113 S.W. 3d 340, 349 (Tex. 2003).

A bill of review is an equitable proceeding brought by a party seeking to set aside a prior judgment that is no longer subject to challenge by a motion for new trial or appeal. *Baker v. Goldsmith*, 582 S.W.2d 404, 406 (Tex. 1979). The grounds upon which a bill of review may be obtained are narrow because the procedure conflicts with the fundamental policy that judgments

---

the jurisdiction. *See Continental Coffee Prods. Co. v. Cazarez*, 937 S.W.2d 444, 449 (Tex. 1996); *Haginas v. Malbis Mem'l Found*., 354 S.W.2d 368, 371 (Tex. 1962).

2

must become final at some point. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003); *Transworld Fin. Servs. Corp. v. Briscoe*, 722 S.W.2d 407, 407 (Tex. 1987). Accordingly, a bill-of-review plaintiff must ordinarily plead and prove (1) a meritorious defense to the underlying cause of action; (2) which the bill-of-review plaintiff was prevented from making by the fraud, accident, or wrongful act of the opposing party or official mistake; (3) unmixed with any fault or negligence on the part of the bill-of-review plaintiff. *Caldwell v. Barnes,* 154 S.W.3d 93, 96 (Tex. 2004) (per curiam).

A bill-of-review plaintiff has the burden of showing that his failure to file an appeal or a motion for new trial was not the result of his fault or negligence. *Petro-Chem. Transp., Inc. v. Carroll*, 514 S.W.2d 240, 246 (Tex. 1974). If a direct appeal or motion for new trial is available, it is difficult to imagine any case in which failure to pursue one or the other would not be negligence. *See Gold v. Gold*, 145 S.W. 3d 212, 214 (Tex. 2004) (per curiam).

Tradelogic's summary-judgment response and supporting proof did not assert that it was unable to file an appeal bond or cash deposit or that it was prevented from doing so. Instead, Tradelogic admitted that it could have filed the bond or cash deposit, but decided not to do so, given its belief that the purchase of the bond or the raising of the cash deposit would not be "practical" or "reasonable" or "realistic" in that such an expense would have consumed about two-thirds of its monthly revenue, leaving it cash-strapped. Under these circumstances, Tradelogic claims that requiring it to file a bond or a cash deposit in an amount equal to twice the amount of the judgment is "absurd." Tradelogic's argument, in sum, is that a party should be excused from filing a bond or cash deposit as required by Rule 506.1 if it decides that purchase of the bond or raising the cash deposit is "not practical" or "reasonable" or "realistic." Tradelogic shows the Court no authority in support of its argument.

Although notified of the rendition of the underlying judgment, Tradelogic chose not to file a motion for new trial. Tradelogic now asserts, without citing supporting authority, that it was excused from filing a motion for new trial given its belief that a new trial in justice court would not "provide meaningful relief," and that any new trial would again have "involved a jury with no jury charge."

This Court has concluded that, as a matter of law, Tradelogic did not discharge its burden to show its lack of fault or negligence in failing to file a bond or cash deposit and in failing to file a motion for new trial before the underlying judgment became final. *See Petro-Chem.*, 514 S.W.2d at 240.

The judgment is affirmed.

_____
Bob E. Shannon, Justice

Before Justices Kelly, Smith, and Shannon*

Affirmed

Filed:   December 4, 2019

* Before Bob E. Shannon, Chief Justice (retired), Third Court of Appeals, sitting by assignment. *See* Tex. Gov't Code § 74.003(b).

4