

# NUMBER 13-19-00536-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

TYLER TUCKER,                                           Appellant,

v.

PAC-VAN, INC. F/K/A
BLACK ANGUS CONTAINER,                       Appellee.

## On appeal from the County Court at Law No. 5
## of Nueces County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Longoria and Tijerina**
**Memorandum Opinion by Chief Justice Contreras**

Pro se appellant Tyler Tucker appeals a judgment in favor of appellee Pac-Van, Inc. formerly known as Black Angus Container (Pac-Van). By one issue, Tucker argues the trial court erred in denying his motion to dismiss for lack of subject matter jurisdiction. We affirm.

## I. BACKGROUND

On October 30, 2015, Pac-Van filed suit against Tucker in the justice of the peace (JP) court for breach of an equipment lease agreement, seeking damages of $8,681.64 due under the lease and $1,300 in attorneys' fees. In its original petition, Pac-Van stated that it "affirmatively pleads that it seeks monetary relief of $10,000.00 or less, excluding interest."

After a trial, according to the parties, the JP court signed a judgment in favor of Tucker, ordering that Pac-Van take nothing on its claims.[1] Pac-Van filed a notice of appeal in the county court, seeking a de novo review of the JP court's judgment. *See* TEX. R. CIV. P. 506.1, 506.3.

At the county court, the case was tried before a jury. Pac-Van's counsel testified he "was retained in this matter to try this case for a fee of $2,000." During closing arguments, Pac-Van's counsel requested the jury award $2,981.64 for past due rent; $5,681.64 for the value of the equipment; and $2,000 in attorneys' fees. Tucker then asked the trial court to dismiss the case on the basis that "[t]his is a J.P. court case[;] That's $10,000 worth of the damages inclusive of attorneys' fees[; and h]e asked for $8,600 and change plus $2,000 worth of attorneys' fees." *See* TEX. GOV'T CODE ANN. § 27.031(a)(1); TEX. R. CIV. P. 500.3.[2] The trial court denied the motion. The jury returned a verdict against Tucker, and the trial court entered judgment in favor of Pac-Van,

---

[1] The JP court's judgment does not appear in the appellate record.

[2] At the time this case was filed, the limit on the justice of the peace's jurisdiction was $10,000. However, the legislature has since amended this provision to increase the amount to $20,000. *See* Act of May 26, 2019, 86th Leg. R.S., ch. 696, § 32, 2019 Tex. Gen. Laws. 1994, 1999 (increasing amount in controversy from $10,000 to $20,000 effective September 1, 2020) (current version at TEX. GOV'T CODE ANN. § 27.031). This amendment does not apply here because it was not in effect at the time the suit was filed. *See id.* § 36.

awarding it $3,000.00 in damages; $1,274.79 for prejudgment interest; and $2,000 for attorney's fees. This appeal followed.

## II.    DISCUSSION

By his sole issue, Tucker argues the trial court erred when it denied his motion to dismiss.

## A.    Standard of Review & Applicable Law

Generally, we review a trial court's order on a motion to dismiss under an abuse of discretion standard. *Am. Transitional Care Ctrs. of Tex., Inc. v. Palacios*, 46 S.W.3d 873, 878 (Tex. 2001). Here, the amount-in-controversy complain implicates the trial court's subject-matter jurisdiction. *See Sanchez v. Kennedy*, 202 S.W.3d 857, 858–59 (Tex. App.—Corpus Christi–Edinburg 2006, no pet.). Subject-matter jurisdiction is a question of law we review de novo. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 224 (Tex. 2004).

In the jurisdictional context, the "amount in controversy" means "the sum of money or the value of the thing originally sued for . . . ." *United Servs. Auto Ass'n v. Brite*, 215 S.W.3d 400, 402 (Tex. 2007). Jurisdiction is determined by the amount in controversy at the time of the filing of the pleadings. *Id.* at 402–03. Because this lawsuit was filed before September 1, 2020, the jurisdictional limit for a small claims case filed in a JP court was $10,000, excluding statutory interest and court costs but including attorney's fees. *See* Act of May 26, 2019, 86th Leg. R.S., ch. 696, § 32, 2019 Tex. Gen. Laws. 1994, 1999; *Olivas v. Barajas*, 285 S.W.2d 894, 895 (Tex. App.—San Antonio 1955, no writ); *Wichita Valley Ry. v. Leatherwood*, 170 S.W.262, 163 (Tex. App.—Amarillo 1914, no writ). When a case originally filed in JP court is appealed to the county court, the county court's

3

appellate jurisdiction is restricted to the jurisdictional limit of the JP court because a county court has no jurisdiction over the appeal unless the JP court had jurisdiction. *See Crumpton v. Stevens*, 936 S.W.2d 473, 476 (Tex. App.—Fort Worth 1996, no writ).

In absence of pleading and proof of a fraudulently alleged jurisdictional amount in controversy, jurisdiction is determined by the averments in the petition. *See Tidball v. Eichoff*, 17 S.W. 263, 263 (1888). Therefore, if the pleadings do not show that the plaintiff requests damages exceeding the court's jurisdictional limit, then the trial court retains jurisdiction over the case unless the defendant can show that the amount of damages alleged in the pleadings is a sham. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). "Where the plaintiff's original and amended petitions do not affirmatively demonstrate an absence of jurisdiction, a liberal construction of the pleadings in favor of jurisdiction is appropriate." *Cont'l Coffee Prods. Co. v. Cazarez*, 937 S.W.2d 444, 449 (Tex. 1996).

As a general rule, where jurisdiction is once lawfully and properly acquired, no later fact or event can defeat the court's jurisdiction. *Id.* If a plaintiff's original petition is properly brought in a particular court, but an amendment increases the amount in controversy above the court's jurisdictional limits, then the court will continue to have jurisdiction if the additional damages accrued because of the passage of time. *Id.*

## B. Analysis

First, we note that both parties on appeal refer to Pac-Van's live pleading as "Plaintiff's First Amended Original Petition," but no such document appears in the clerk's record, and the parties do not provide any record reference to the amended petition. Instead, the record only contains "Plaintiff's Original Petition." In any event, the original

4

petition includes the language Tucker quotes from the "amended" original petition and provides for the amount of damages sought.[3] Assuming that the only petition in the record is the same as the live petition before the JP court, we conclude that the county court had jurisdiction.

Here, Pac-Van pleaded in its petition that it was seeking $8,681.64 in damages and $1,300.00 in attorney's fees, for a total of $9,981.64. This amount was within the $10,000 jurisdictional limit of the JP court. *See* Act of May 26, 2019, 86th Leg. R.S., ch. 696, § 32, 2019 Tex. Gen. Laws. 1994, 1999. As such, the JP court properly acquired jurisdiction over the matter. *See id.*; *Brite*, 215 S.W.3d at 402. After a trial, the JP court rendered judgment in favor of Tucker, and Pac-Van appealed the judgment for a de novo trial before the county court. At trial in the county court, Pac-Van increased the amount of attorneys' fees requested to $2,000.00, in addition to $8,663.28 in damages, which would total more than $10,000.00.

Tucker notes that Pac-Van's counsel stated at the county court that "I was retained in this matter to try this case for a fee of $2,000" and argues that "[t]he statements contained within [Pac-Van's] *Amended Petition*, and the testimony of counsel for [Pac-Van], are in direct contradiction, and are clear proof that [Pac-Van] was attempting to manipulate its pleading to stay within the jurisdictional limit of the [JP] Court." (emphasis in original). However, Tucker did not present this argument at the trial court or argue that Pac-Van's pleadings were a sham, and he cites no authority in support of this proposition. *See* Tex. R. App. P. 33.1, 38.1(i). Accordingly, this argument has been waived. *See* Tex. R. App. P. 33.1, 38.1(i); *Blue*, 34 S.W.3d at 554 ("[W]hen a defendant asserts that the

---

[3] Specifically, the original petition states: "Plaintiff affirmatively pleads that it seeks monetary relief of $10,000.00 or less, excluding interest."

5

amount in controversy is below the court's jurisdictional limit, the plaintiff's pleadings are determinative unless the defendant specifically alleges that the amount was pleaded merely as a sham for the purpose of wrongfully obtaining jurisdiction . . . ."). As noted above, Pac-Van's petition properly invoked the JP court's jurisdiction, and furthermore, it stated Pac-Van sought attorneys' fees "in at least the sum of $1,300.00." *See Blue*, 34 S.W.3d at 554; *Brite*, 215 S.W.3d at 402. It is reasonable that the cost of Pac-Van's legal representation increased due to the additional legal services required for the proceedings and the de novo trial at the county court. *Cf. Cont'l Coffee Prods.*, 937 S.W.2d at 449. We overrule Tucker's sole issue. *See Blue*, 34 S.W.3d at 554; *Tidball*, 17 S.W. at 263; *see also Williams Farms Produce Sales, Inc. v. R&G Produce Sales, Inc.*, No. 13-12-00165-CV, 2014 WL 354627, at *5 (Tex. App.—Corpus Christi–Edinburg Jan. 30, 2014, no pet.) (mem. op.) ("While we recognize that Texas courts envision a scenario where a trial court could find that it lacked jurisdiction because the amount in controversy listed in pleadings is a sham, no case law indicates that the mere existence of evidence in the record that suggests the plaintiff incurred damages in excess of its pleadings constitutes a sham.").

### III.   CONCLUSION

The trial court's judgment is affirmed.

DORI CONTRERAS
Chief Justice

Delivered and filed on the
29th day of April, 2021.

6