2026 Tex. Bus. 23



THE BUSINESS COURT OF TEXAS
ELEVENTH DIVISION

| | | |
|---|---|---|
| ASPIRE COMMERCIAL, LLC | § § § § | |
| *Plaintiff,* | | |
| v. | § § | Cause No. 26-BC11B-0040 |
| CHRISTOPHER STEPHENSON and BES.AI, LLC, | § § § § | |
| *Defendants.* | § | |

## MEMORANDUM OPINION AND ORDER DENYING
## DEFENDANT CHRISTOPHER STEPHENSON'S MOTION TO REMAND

### INTRODUCTION

¶ 1.   On this day, the Court considered the Motion to Remand (the "Motion") filed by Defendant Christopher Stephenson ("Stephenson") on May 4, 2026.

¶ 2.   Having reviewed the Motion, the response, the arguments of counsel, and the applicable law, the Court **DENIES** the Motion for the reasons set forth below.

**RELEVANT BACKGROUND**

¶ 3.   On February 20, 2026, Plaintiff Aspire Commercial, LLC ("Plaintiff") filed suit against Stephenson in the 334th Judicial District Court of Harris County, Texas ("District Court"), bringing claims for misappropriation of trade secrets under the Texas Uniform Trade Secrets Act, breach of fiduciary duty, equitable relief, and injunctive relief. The District Court entered a temporary restraining order ("TRO") against Stephenson the same day.

¶ 4.   On April 7, the District Court heard Plaintiff's application for temporary injunction ("TI") against Stephenson. Following the hearing, the District Court requested supplemental briefing, and the application remains under advisement.

¶ 5.   On April 22, Plaintiff filed its live pleading, the Verified Second Amended Petition and Application for Temporary Restraining Order, Temporary Injunction, and Permanent Injunction ("Second Amended Application"), adding BES.AI, LLC ("BES.AI") as a defendant. The next day, the Ancillary Court entered a second TRO against Stephenson and BES.AI. A TI hearing on the Second Amended Application was scheduled for May 5.

¶ 6.   On April 28, before the District Court ruled on the first TI application and before the Second Amended Application could be heard, Plaintiff removed the

case to the Business Court, alleging damages exceeding $5 million and invoking jurisdiction under Texas Government Code § 25A.004(d)(4)(B), (d)(5), and (f).[1]

¶ 7.  Plaintiff alleges that, after the April 7 TI hearing, it discovered additional misconduct by Stephenson and BES.AI that increased the amount in controversy to more than $5 million and, for the first time, revealed facts establishing the Business Court's jurisdiction.[2]

¶ 8.  On May 5, 2026, Plaintiff filed a supplement to its Second Amended Application, purporting to plead with additional specificity the factual bases supporting an amount in controversy exceeding $5 million.[3] Among other things, Plaintiff alleges that Stephenson's conduct threatens Plaintiff's broker license and ability to operate as a real estate brokerage business, placing at risk an asserted revenue stream of approximately $300,000 per month.[4] Plaintiff also alleges that, as of April 2026, BES.AI had at least 300 paying subscribers[5] (some of which are Plaintiff's competitors) with access to Plaintiff's confidential information, potentially entitling Plaintiff to royalty damages exceeding $5 million.[6]

---

[1] Pl.'s Notice of Removal 3–4.

[2] *Id.* at 5–6.

[3] Pl.'s Suppl. to 2d Am. Appl. ¶ 1.

[4] *Id.* ¶¶ 5, 18.

[5] *Id.* ¶ 6.

[6] *Id.* ¶¶ 15–17. Plaintiff alleges there are several other independent bases for meeting the $5-million amount in controversy, including the dissemination of confidential information regarding Plaintiff's closed transactions valued at over $10 million, the potential loss of a client with a portfolio worth approximately $191 million, and the potential exposure to suit by that client for breach of Plaintiff's confidentiality obligations. *Id.* ¶¶ 11–13, 19–20.

¶ 9.  In his Motion, Stephenson argues that (1) removal was premature because the first TI application remains pending in the District Court; (2) Plaintiff failed to establish the minimum amount in controversy necessary for Business Court jurisdiction; and (3) Plaintiff engaged in forum shopping.

**LEGAL STANDARDS**

**A.  Removal and remand**

¶ 10.  Texas Government Code § 25A.006 governs the removal of cases from district courts and county courts at law to the Business Court. For an opposed removal of a case involving a pending TI application, the statute sets forth the following deadline:

> [I]f an application for temporary injunction is pending on the date the party requesting removal of the action discovered, or reasonably should have discovered, facts establishing the business court's jurisdiction over the action, [the notice of removal must be filed] **not later than** the 30th day after the date the application is granted, denied, or denied as a matter of law.[7]

¶ 11.  Texas Rule of Civil Procedure 355 contains materially similar language governing the timing of removal.[8]

---

[7] TEX. GOV'T CODE § 25A.006(f)(2) (emphasis added).

[8] TEX. R. CIV. P. 355(c)(2)(B) ("If all parties have not agreed to remove the action, the notice of removal must be filed . . . if an application for temporary injunction is pending on the date the party requesting removal of the action discovered, or reasonably should have discovered, facts establishing the business court's authority to hear the action, within 30 days after the date the application is granted, denied, or denied by operation of law.").

¶ 12.    Following removal, the Court must remand the action if it lacks subject-matter jurisdiction or if removal was otherwise improper.[9]

**B.      Burden-shifting framework for jurisdictional analysis**

¶ 13.    Except in cases involving publicly-traded companies, the Business Court's jurisdiction generally requires an amount in controversy exceeding $5 million.[10]

¶ 14.    In line with Texas Supreme Court precedent, the Business Court applies a burden-shifting framework for jurisdictional challenges based on the amount in controversy. Under this framework, the plaintiff has the initial burden to plead facts affirmatively demonstrating the Court's jurisdiction, including that the relief sought meets the minimum amount-in-controversy.[11] Pleadings are construed liberally in favor of jurisdiction and with reference to the pleader's intent.[12]

¶ 15.    Once the plaintiff meets this initial burden, the burden shifts to the challenging party to present evidence showing either: (a) that the pleadings are fraudulent or a sham to obtain jurisdiction; or (b) that the amount in controversy can

---

[9] TEX. GOV'T CODE § 25A.006(d); TEX. R. CIV. P. 355(f).

[10] TEX. GOV'T CODE § 25A.004(b)–(d).

[11] *C Ten 31 LLC ex rel. SummerMoon Holdings LLC v. Tarbox*, 2025 Tex. Bus. 1, ¶ 33, 708 S.W.3d 223, 237 (3rd Div.) (citing *United Servs. Auto. Ass'n v. Brite*, 215 S.W.3d 400, 402 (Tex. 2007); TEX. R. CIV. P. 355(b)(2)(A)).

[12] *Id.* ¶ 35, 708 S.W.3d at 238 (citing *Tex. Tech Univ. Sys. v. Martinez*, 691 S.W.3d 415, 419 (Tex. 2024)).

be "readily establish[ed] as outside the Court's jurisdiction."[13] Absent such evidence, the plaintiff's jurisdictional allegations control.[14]

## ANALYSIS

### A. Plaintiff's removal was not premature.

¶ 16.  Stephenson's primary argument is that removal was premature because Plaintiff filed its notice of removal while the first TI application remained pending in the District Court. According to Stephenson, Texas Government Code § 25A.006(f)(2) unambiguously prohibits removal until thirty days after the TI application is granted, denied, or denied by operation of law.[15] The Court disagrees.

¶ 17.  In construing § 25A.006, the Court's task is to give effect to the Legislature's intent.[16] "Legislative intent is expressed in the plain and common meaning of the statutory text 'unless a different meaning is supplied, is apparent from the context, or the plain meaning of the words leads to absurd or nonsensical results.'"[17] Courts must presume that the Legislature chose its words "with care, including each word chosen for a purpose, while purposefully omitting words not

---

[13]*Id.* ¶¶ 46, 49, 708 S.W.3d at 242–43 (citing *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 223–24 (Tex. 2004); *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000)); *M&M Livestock, LLC v. Robinson*, 2025 Tex Bus. 29, ¶ 21, 2025 WL 2207943, at *4 (8th Div.) (mem. op.).

[14] *C Ten*, ¶¶ 46, 49, 708 S.W.3d at 242–43.

[15] Def.'s Mot. 3.

[16] *Colo. Cnty. v. Staff*, 510 S.W.3d 435, 444 (Tex. 2017).

[17] *Slant Operating, LLC v. Octane Energy Operating, LLC*, 2025 Tex. Bus. 53, ¶ 41, 729 S.W.3d 336, 354 (8th Div.) (quoting *Cadena Comercial USA Corp. v. Tex. Alcoholic Beverage Comm'n*, 518 S.W.3d 318, 325 (Tex. 2017)).

chosen."[18] A court therefore may not judicially add restrictions or prerequisites that the Legislature itself did not include.

¶ 18.  Section 25A.006(f)(2) states that when a TI application is pending at the time the removing party discovers facts establishing Business Court jurisdiction, the notice of removal must be filed "not later than the 30th day after the date the application is granted, denied, or denied as a matter of law." The provision speaks in terms of a deadline. It identifies the latest permissible date for removal. It does not state that the notice of removal "may not be filed until" or "shall be filed only after" disposition of the TI application.

¶ 19.  In short, had the Legislature intended to create a mandatory waiting period, it easily could have done so through straightforward language expressly prohibiting removal while a TI application remained pending. Instead, it enacted an outside deadline—a ceiling, not a floor—for removal in circumstances where a TI application is pending. Stephenson's interpretation would effectively rewrite the statute by converting a removal deadline into a removal prohibition. The Court declines to adopt a construction that adds substantive limitations absent from the statutory text.

¶ 20. Stephenson's reading is also difficult to reconcile with the broader structure and evident purpose of removal procedure. The spirit of the removal

---

[18] *Id.* (quoting *Cadena*, 518 S.W.3d at 325).

statute, in line with its federal equivalent,[19] is to ensure that disputes are assigned to the proper tribunal as early as practicable.[20] Prompt removal promotes efficiency, reduces duplication of judicial labor, and allows a single court to manage the case consistently through its critical stages.

¶ 21.   Interpreting § 25A.006(f)(2) as a mandatory waiting period would undermine those objectives. Under Stephenson's interpretation, a party who already knows that Business Court jurisdiction exists would nevertheless be required to continue litigating in district court—potentially through extensive TI proceedings— before removal could occur. That construction would encourage fragmented judicial management of the same dispute, with one court handling emergency proceedings and another later inheriting the merits of the case.

¶ 22.   Such an interpretation would also create incentives for strategic delay and forum testing. A party could litigate a contested TI hearing, evaluate the district court's inclinations, and then decide whether to remove based on the perceived favorability of the proceedings. The Legislature's inclusion of a thirty-day removal deadline reflects the opposite policy choice: removal decisions should be made

---

[19] 28 U.S.C. § 1446.

[20] *See Morgan v. Huntington Ingalls, Inc.*, 879 F.3d 602, 609–10 (5th Cir. 2018) (explaining that purpose of federal removal statute is to "encourage prompt resort to federal court when a defendant first learns of the facts supporting removability" (internal quotation marks omitted)); *Gorman v. Abbott Lab'ys*, 629 F. Supp. 1196, 1199 (D.R.I. 1986) (explaining that federal removal statute "minimizes the delay and waste of resources involved in starting a case over in federal court after substantial proceedings have taken place in the state court").

promptly, not after a party has had the opportunity to "test the waters" before one tribunal and then seek a different forum if dissatisfied with the early proceedings.[21]

¶ 23.  The Court therefore concludes that § 25A.006(f)(2) does not preclude removal prior to the disposition of a TI application. Rather, the statute grants the removing party additional time to remove in that circumstance by extending the removal deadline until thirty days after the application is resolved. In other words, the party has the *option*—not the obligation—to initiate removal after a decision is made on the application.

¶ 24.  Accordingly, Plaintiff's notice of removal was not premature and remand on that basis is denied.

**B.     Stephenson has failed to establish that the amount in controversy is not met.**

¶ 25.  Stephenson next argues that the amount in controversy does not exceed $5 million and that remand is independently required on that basis. Again, the Court disagrees.

¶ 26. Plaintiff has pleaded facts supporting an amount in controversy exceeding $5 million, including allegations concerning the threatened loss of substantial business revenue and potential royalty damages associated with third-party access to its confidential trade secrets. Construing the pleadings liberally in

---

[21] *See Gorman*, 629 F. Supp. at 1199 (explaining that federal removal statute "forecloses a defendant from adopting a 'wait and see' approach in the state court" and "prevents a second bite at the jurisdictional apple if a defendant (belatedly) perceives that the case is proceeding other than to his liking").

favor of jurisdiction and with reference to Plaintiff's intent, the Court concludes that Plaintiff satisfied its initial burden to plead facts establishing the Court's jurisdiction.

¶ 27. Because Plaintiff met its burden, the burden shifted to Stephenson to present evidence showing either that Plaintiff's jurisdictional allegations were a sham or that the amount in controversy could be readily established as below the jurisdictional threshold. He did neither. The Motion is unsupported by affidavits, testimony, documents, or other competent jurisdictional evidence. Instead, Stephenson relies primarily on attorney argument challenging the plausibility of Plaintiff's allegations. But attorney argument is not evidence, and mere disagreement with a plaintiff's damages theory does not satisfy the defendant's burden under the governing framework.

¶ 28. On the present record, the Court cannot conclude that Plaintiff's jurisdictional allegations are fraudulent or that the amount in controversy is readily ascertainable as less than $5 million. Plaintiff's allegations therefore control for jurisdictional purposes. Remand on that basis is therefore denied.

## C.  Stephenson's forum-shopping argument is unavailing.

¶ 29. Lastly, Stephenson argues that Plaintiff engaged in improper forum shopping by removing the case after proceedings had already occurred in the District

Court. The Court concludes this argument is immaterial to whether remand is proper under § 25A.006 or Rule 355.

¶ 30. Nothing in the text of § 25A.006(d) or Rule 355(f) makes a party's motive for removal relevant to the remand analysis. The only considerations are whether the Business Court possesses subject-matter jurisdiction and whether removal complied with the applicable procedural requirements. The Court has concluded that both requirements are satisfied here.

¶ 31. Further, the Court's interpretation of § 25A.006(f)(2) reduces—rather than encourages—the type of strategic forum maneuvering Stephenson identifies. A rule permitting immediate removal once jurisdictional facts are discovered encourages parties to make their forum-selection decision promptly, rather than after extended proceedings in another court. By contrast, Stephenson's interpretation would require parties to litigate substantial TI proceedings in district court before deciding whether removal would be strategically advantageous in light of how those proceedings unfold.

¶ 32. The Court therefore concludes that forum shopping is not an appropriate basis for remand in this case.

## CONCLUSION

¶ 33. Consistent with this opinion, the Court **DENIES** Stephenson's Motion to Remand.

IT IS SO ORDERED.

BRIAN STAGNER
Judge of the Texas Business Court,
Eleventh Division, sitting by
assignment


SIGNED: May 8, 2026