**Affirmed and Memorandum Opinion filed July 30, 2019.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-18-00212-CV

---

## THE LETCO GROUP, LLC, Appellant

### V.

## KOSSMAN CONTRACTING CO. D/B/A KOSSMAN CONTRACTING AND ROBERT KOSSMAN, Appellees

---

**On Appeal from the County Civil Court at Law No. 3
Harris County, Texas
Trial Court Cause No. 1073300**

---

## M E M O R A N D U M   O P I N I O N

Appellant The Letco Group, LLC ("Letco") sued appellees Kossman Contracting Co. d/b/a Kossman Contracting and its president, Robert Kossman (collectively, "KC"), to collect money owed under several construction agreements. After a bench trial, the trial court signed a judgment in favor of KC. Letco appealed and asserts KC made a judicial admission that entitles Letco to a recovery of approximately $5,700 in retainage funds. For the reasons below, we

affirm.

Pursuant to several agreements, Letco supplied compost to KC for use in a toll road construction project. Alleging that KC did not fulfill its obligations under the agreements, Letco sued KC to collect $29,724.19.

The parties proceeded to a bench trial in February 2018. Letco called Robert Kossman, an adverse witness, to testify with respect to the parties' business dealings. Kossman testified that KC ordered approximately 11,000 cubic yards of compost from Letco and paid Letco $130,723.31. Kossman stated that, "after a final accounting," KC concluded that Letco had been overpaid by approximately $2,000. Kossman stated that KC did not owe Letco any additional funds. Testifying with respect to the parties' retainage agreement, Kossman stated Letco was "not owed any retainage funds" because it had "been paid in full."

Letco also called Brent McWaters to testify as its corporate representative. McWaters acknowledged that KC paid Letco $130,723.31 and said KC still owed $29,724.19. According to McWaters, KC had offered to tender Letco approximately $5,700 in retainage funds on the condition that, "if [Letco] accepted that payment[,] that the account would be satisfied." McWaters stated that Letco declined the retainage payment because it "was far less than what [Letco] had showed being owed."

Describing the $5,700 offer further, McWaters stated the payment "wasn't necessarily offered as retainage." McWaters also testified that Letco was "not claiming retainage" but instead was "simply stating we are owed what we feel we delivered."

The trial court signed a final judgment in KC's favor and issued findings of

fact and conclusions of law.  Letco timely appealed.

ANALYSIS

In two issues, Letco summarily asserts (1) KC judicially admitted that Letco was owed $5,704.61; and (2) it is entitled to collect $9,500 in attorney's fees.

## I.  Judicial Admission

Letco argues KC judicially admitted that it owes Letco $5,704.61 in retainage funds.  Letco supports its argument with reference to the following testimony, during which Kossman read KC's response to one of Letco's interrogatories:

> Q.  Go ahead and read the question and answer, please.
>
> A.  State the total dollar amount owed by the defendant to the plaintiff. Response:  For the project made the basis of this lawsuit to retain the check of $5,704.61 which defendant offered to plaintiff but plaintiff refused to accept.[1]

Arguing that this interrogatory response constitutes a judicial admission, Letco asks the court to reverse the trial court's take-nothing judgment and render a judgment in Letco's favor for $5,704.61.

In an appeal from a bench trial, an attack on the sufficiency of the evidence must be directed at specific findings of fact rather than at the judgment as a whole. *Zagorski v. Zagorski*, 116 S.W.3d 309, 319 (Tex. App.—Houston [14th Dist.] 2003, pet. denied).  But a challenge to an unidentified finding of fact may be sufficient for review if the court can fairly determine which specific finding or

---

[1] In its brief, Letco asserts the relevant interrogatory response states:  "For the project made the basis of this lawsuit, the retainage check of $5704.61, which Defendant offered to Plaintiff but Plaintiff refused to accept."  This statement differs from the interrogatory response as it is included in the court reporter's record.  A document showing the written interrogatory response was not admitted into evidence at trial and is not a part of the record

findings the appellant challenges. *Phillips Dev. & Realty, LLC v. LJA Eng'g, Inc.* 499 S.W.3d 78, 92 n.8 (Tex. App.—Houston [14th Dist.] 2016, pet. denied). We therefore construe Letco's judicial admission argument as a challenge to the trial court's Finding of Fact No. 7, which states, in relevant part: "[KC] do[es] not owe any retainage or trust funds to [Letco]."

Findings of fact in a bench trial have the same force and dignity as a jury's verdict. *Anderson v. City of Seven Points*, 806 S.W.2d 791, 794 (Tex. 1991). When, as here, the record includes a complete reporter's record, the trial court's findings of fact are subject to sufficiency challenges under the same standards applied to address the sufficiency of the evidence supporting a jury's answer. *Ortiz v. Jones*, 917 S.W.2d 770, 772 (Tex. 1996) (per curiam).

To determine whether legally sufficient evidence supports a challenged finding, we must consider evidence that favors the findings if a reasonable fact-finder could consider it, and we must disregard evidence contrary to the challenged finding unless a reasonable fact-finder could not disregard it. *See City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005). We may not sustain a legal sufficiency challenge unless the record demonstrates (1) a complete absence of evidence of a vital fact; (2) that the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact; (3) that the evidence offered to prove a vital fact is no more than a mere scintilla; or (4) that the evidence conclusively establishes the opposite of the vital fact. *Id.* at 810. As Letco is challenging the legal sufficiency of an adverse finding on an issue for which it had the burden of proof, Letco must demonstrate on appeal that the evidence conclusively establishes all vital facts in support of the issue. *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 241 (Tex. 2001) (per curiam); *French v. Moore*, 169 S.W.3d 1, 15 (Tex. App.—Houston [1st Dist.] 2004, no pet.).

4

We reject Letco's claim that Kossman's interrogatory response testimony constituted a judicial admission that conclusively entitles Letco to a $5,704.61 recovery. A judicial admission is a formal waiver of proof usually found in a party's pleadings or stipulations. *Salaymeh v. Plaza Centro, LLC*, 264 S.W.3d 431, 439 (Tex. App.—Houston [14th Dist.] 2008, no pet.). To constitute a judicial admission and bar the admitting party from later disputing the admitted fact, the admission must be clear and unequivocal. *See Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 568 (Tex. 2001). The party relying on an admission must protect its record by objecting to the introduction of evidence contrary to that admission. *Houston First Am. Sav. v. Musick*, 650 S.W.2d 764, 769 (Tex. 1983).[2]

The testimony on which Letco relies — Kossman's recitation of an interrogatory response — did not clearly and unequivocally admit Letco's entitlement to a recovery. According to Letco, Kossman's testimony admits that KC owed Letco $5,704.61 in retainage funds. But Kossman also testified with respect to an affidavit he signed and attached to KC's amended answer, in which he stated that Letco "was paid in excess for the actual goods it delivered" and that there were "no amounts left due and owing" to Letco. Explaining the change in KC's position with respect to the retainage funds, Kossman stated that, "after doing a final accounting, we had found that we had overpaid Letco. They had invoiced us for $128,000. We had paid them $130,000." Kossman stated that KC did not owe Letco any additional funds. Kossman's testimony, considered together, precludes the conclusion that the portion of his testimony reading the interrogatory response constitutes a judicial admission. *See Holy Cross Church of God in Christ*, 44 S.W.3d at 568; *cf. Sosa v. Cent. Power & Light*, 909 S.W.2d 893, 895 (Tex. 1995) (per curiam) (statements in superseded pleadings are not

[2] Letco did not object to contrary evidence and in fact elicited the information from Kossman.

5

judicial admissions). Letco therefore did not meet its burden to show that the evidence conclusively establishes all vital facts in support of its argument. *See Dow Chem. Co.*, 46 S.W.3d at 241; *French*, 169 S.W.3d at 15.

Moreover, the testimony on which Letco bases its argument does not make grammatical sense. This testimony is not a clear indication of what — if anything — KC purportedly admitted owing Letco and does not constitute a clear admission of a disputed fact. *See Holy Cross Church of God in Christ*, 44 S.W.3d at 568.

We overrule Letco's first issue.

## II.        Attorney's Fees

In its second issue, Letco argues that it is entitled to $9,500 in attorney's fees. To support this contention, Letco points to testimony from its attorney regarding the fees incurred and summarily asserts "the testimony was uncontroverted."

"A party who prevails in a lawsuit is entitled to recover attorney's fees only if permitted by statute or by contract." *Med. City Dallas, Ltd. v. Carlisle Corp.*, 251 S.W.3d 55, 58 (Tex. 2008). Letco did not prevail in the underlying proceeding and it does not point to a statute or contract entitling it to a recovery of attorney's fees. Standing alone, evidence of attorney's fees does not automatically entitle Letco to a recovery of attorney's fees. *See id.* We overrule Letco's second issue.

### CONCLUSION

We overrule Letco's issues on appeal and affirm the trial court's February 28, 2018 final judgment.

/s/     Meagan Hassan
Justice


Panel consists of Justices Christopher, Hassan, and Poissant.